Ex Parte Ashpy McMurrey

No. 29,606. February 19, 1958.

*Rockey Harkey*, Sinton, for appellant.

*Leon Douglas*, State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant sought his discharge by writ of habeas corpus filed in the district court of San Patricio County. He alleged in his application that he was illegally restrained of his liberty by the

sheriff of San Patricio County, by virtue of process issued out of the county court of said county, which was based on an order of the county judge sitting as a magistrate that he enter into a peace bond or be remanded to jail for one year.

This is an appeal from the order of the district court refusing to discharge appellant after a hearing upon the writ of habeas corpus.

Appellant contends that the complaint is insufficient to warrant the order entered.

The record shows that a complaint was made by Hulda Mc-Murrey and filed in the county court, charging that Ashpy Mc-Murrey, the appellant, "Is about to commit an offense against my person, to-wit, in that the said Ashpy McMurrey in San Patricio County, Texas, is about to unlawfully, with malice aforethought, shoot me with a gun, with intent then and there to murder me."

The allegations of the complaint follow the provisions of Art. 79, Vernon's Ann. C.C.P., and it conforms to the allegations set out in Sec. 3160 of Willson's Criminal Forms, 6th Ed. The complaint is sufficient.

Appellant challenges the sufficiency of the evidence to authorize the order made by the county judge.

Upon the hearing, the state introduced in evidence the order made by the county judge, sitting as a magistrate, which recited that a hearing had been held in said proceeding and that the judge was satisfied from the evidence introduced that relator was about to unlawfully, with malice aforethought, shoot Hulda McMurrey with a gun, with the intent then and there to murder Hulda McMurrey, and ordered that relator enter into a peace bond in the sum of $1000 and, upon his failure to do so, ordered him remanded to jail for a period of one year.

The state called Hulda McMurrey, the complainant, and Mrs. Milton McMurrey and Sheriff Hunt, as witnesses and their testimony supports the allegations of the complaint and the order of the county judge. It was further shown that the appellant had failed to enter into a peace bond pursuant to the order of the county court.

Appellant did not testify or offer any evidence.

596

The evidence introduced on the hearing before the district court was sufficient to show that the county judge, sitting as a magistrate, was authorized to conclude as he did and enter the order requiring the appellant to enter into a $1000 peace bond, or be remanded to jail for a period of one year upon his failure to do so. Therefore, the district judge did not abuse his discretion by refusing to discharge appellant and in remanding him to the custody of the sheriff of San Patricio County. 7 Texas Juris., p. 326, Sec. 36; 1 Branch 2nd, p. 352, Sec. 303.

The other contentions presented have been carefully considered and they do not reflect error.

The judgment is affirmed.

Opinion approved by the Court.